UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FARRAH R. DIMAGGIO,

                    Plaintiff,          VERIFIED COMPLAINT

   -against-

HARRISON CENTRAL SCHOOL DISTRICT,        JURY TRIAL DEMANDED
ALICE PRATT, individually,
LOUISE CLEVELAND, individually, and
LOUIS WOOL, individually,                   **06 CIV. 3894**

                    Defendants.       **BRIEANT**
------------------------------------------------------------X

      Plaintiff, FARRAH R. DIMAGGIO, by and through her attorneys, JONES GARNEAU, LLP, as and for her complaint against the Defendants alleges:

1.     PARTIES

      1.    Plaintiff, Farrah R. DiMaggio, is a citizen of the United States and resides in Mamaroneck, New York, in Westchester County.

      2.    Defendant, Harrison Central School District (hereinafter the "District"), is located at 50 Union Avenue, Harrison, New York 10528. Upon information and belief, the individual defendant Alice Pratt is a resident of Westchester County. At all times relevant to the instant matter, Defendant Pratt was the Principal of the Harrison Avenue Elementary School (the "School"). Upon information and belief, the individual defendant Louise Cleveland is a resident of Westchester County. At all times relevant to the instant matter, Defendant Cleveland was the Assistant Superintendent of the District. Upon information and belief, the individual defendant Louis Wool is a resident of Westchester County. At all times relevant hereto, Defendant Wool was the

Superintendent of the District.

II.   JURISDICTION

   3.   This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(3) and (4), and supplemental jurisdiction pursuant to 28 U.S.C. §1367. It may award to Plaintiff her attorneys' fees and costs arising from this litigation pursuant to 42 U.S.C. §§1988 and 2000e-5(k).

   4.   In or about August 15, 2005, Plaintiff filed a complaint with the State Division of Human Rights for the State of New York.

   5.   As more than 180 days have elapsed since the filing of the foregoing administrative complaint and Plaintiff received a right to sue letter dated April 19, 2006, Plaintiff has exhausted her administrative remedies and herein timely invokes the jurisdiction of this Court.

III.   FACTUAL ALLEGATIONS

   6.   Plaintiff is a female. She was hired by the Defendant District as a probationary Special Education Teacher in or about July 2002, and was assigned to the School.

   7.   In the course of the 2004 to 2005 school year, Plaintiff was reviewed and evaluated for her qualifications to receive tenure, or a permanent position, by the District. Most recently, during her employment, Plaintiff reported to, among others, the individual defendants Alice Pratt, the principal of the School, and Louise Cleveland, the Assistant Superintendent of the District.

   8.   During the course of Plaintiff's employment, she became pregnant, and informed Ms. Pratt of her pregnancy on or about January 12, 2005.

   9.   Prior to the pregnancy, Plaintiff was evaluated approximately twelve (12) times as a part of the District's tenure review process. Plaintiff received excellent evaluations. Ms. Pratt also

Case 7:06-cv-03894-GAY  Document 1  Filed 05/22/06  Page 3 of 8

issued Plaintiff a positive evaluation on or about November 8, 2004.

10. All the evaluations subsequent to Plaintiff's announcement of her pregnancy, which included evaluations by individual Defendants, Ms. Pratt and Ms. Cleveland, were negative. Moreover, Plaintiff was the only teacher at the School to be evaluated by Ms. Cleveland that year, a clear indication that the District singled out the Plaintiff because of her pregnancy. In her previous two years with the District, Cleveland or the individual who held the position before her had not reviewed Plaintiff. Additionally, Ms. Cleveland's evaluation was unannounced, and Plaintiff was required to stay in the classroom for the sole purpose of the observation, notwithstanding Plaintiff's previously scheduled assignment to attend a training session outside of the classroom.

11. None of the administrators performing the evaluations were special education supervisors nor were they part of the Special Education Department. Mary Ellen Beltzer, the Director of Pupil Personnel and Special Education Services, informally "visited" the Plaintiff on three separate occasions around the time Plaintiff announced her pregnancy, but none of the visits were extensive and did not qualify as an evaluation. In a meeting with Beltzer and Pratt, Plaintiff requested Beltzer perform a formal evaluation; Beltzer agreed to evaluate Plaintiff, but never followed through on her agreement. Upon information and belief, Peggy McDonald, the Director of Special Education, was deliberately barred by the Defendants from evaluating the Plaintiff in furtherance of their plan to discriminate against the Plaintiff. In her previous two years with the District, Plaintiff had been evaluated and evaluated positively by supervisors from the Special Education Department, specifically Dr. Clare Rosen.

12. In several meetings, on or about January 12, 2005 and March 29, 2005, after Plaintiff announced her pregnancy, Ms. Pratt inquired of Plaintiff regarding her employment plans

3

for the Fall of 2005, the Fall after the pregnancy. Specifically, Ms. Pratt inquired whether Plaintiff planned on taking leave to take care of her child. Plaintiff responded that her plans for the Fall were still uncertain, but expressed her intent to return to work. Ms. Pratt, however, insisted that Plaintiff consider taking a few months off in the Fall to take care of the new child. Ms. Pratt further informed the Plaintiff that she had taken off approximately eleven years from her career to take care of the children and that it was the best decision that she had ever made. Ms. Pratt also explained to the Plaintiff that once she had the baby in her arms, it would be hard to leave him/her, and that a mother's place is at home with her child during the early years.

13.   During the meeting on March 29, 2005, Plaintiff inquired whether Ms. Pratt had reviewed Plaintiff's records of more than two years of evaluations and observations. In response, Ms. Pratt indicated that she had not reviewed the records and that she could not "based upon other things that happened in the building, [she] could not give much credit to anything but her own observations."

14.   On or about April 1, 2005, Ms. Pratt informed Plaintiff that she requested and was granted additional time to further consider whether to recommend Plaintiff for tenure. Ms. Pratt stated that it would be unfair to deny Plaintiff tenure in light of the number of positive evaluations Plaintiff received the prior two years. Ms. Pratt indicated that she would conduct two additional formal (or announced) observations of the Plaintiff, and would discuss research and other remediation programs with the Plaintiff to increase her chances of gaining tenure. Plaintiff e-mailed Ms. Pratt on or about April 5, 2005 indicating her desire to engage in the research and remediation process, but did not receive any response from Ms. Pratt, despite a return receipt that the e-mail had been opened. The only "remediation programs" Plaintiff received were articles about teaching

techniques left in her school mailbox by Ms. Pratt.

15. On or about May 3, 2005, Plaintiff met with Ms. Pratt to discuss her tenure status. Ms. Pratt indicated that she had not been able to observe the Plaintiff because of a scheduling conflict. Ms. Pratt again renewed her promise to observe Plaintiff formally, but never fulfilled her promise.

16. On or about May 18, 2005, Ms. Pratt called Plaintiff and informed her that the District's Human Resource Department required a recommendation on the Plaintiff's tenure status; and that she could not recommend Plaintiff for tenure because she had no more evidence on which to base her recommendation. Defendant Louis Wool, the Superintendent of the District, informed Plaintiff through a letter, dated the same day, that she was denied tenure.

17. By letter dated May 23, 2005, Plaintiff requested Superintendent Wool, in accordance with Education Law §3031, to state the reasons for the denial of tenure. In response, Superintendent Wool sent a letter, dated June 1, 2005, listing seven one sentence, vague and unspecified reasons for the denial of tenure. The seven reasons listed for the denial of tenure are contradicted by positive evaluations Plaintiff received prior to her pregnancy.

18. By letter dated June 6, 2005, Plaintiff requested that the District extend her probationary period for an additional year. Plaintiff also met with Superintendent Wool on or about June 14, 2005, to discuss the extension of the probationary period. Superintendent Wool denied her request by letter, dated June 22, 2005. As she left her meeting with him, two days before the scheduled caesarean birth of her child, the last thing that Wool said to Plaintiff was "Now go be a Mom."

19. The District singled out Plaintiff because of her pregnancy. She was treated

5

differently from male, and non-pregnant female employees of the District because of her pregnancy and subsequent family plans.

20. Defendants' actions have caused Plaintiff severe emotional distress, including but not limited to embarrassment, damage to her reputation, sleeplessness, anxiety, humiliation, and loss of appetite.

## IV. CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff incorporates paragraphs 1-20 as if fully set forth herein.

22. Based on the foregoing facts, Defendants violated Title VII, 42 U.S.C. §2000e, *et seq.* and the New York State Human Rights Law, Executive Law §292-296.

### AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth herein.

24. Based on the foregoing facts, Defendants violated Plaintiff's right to the Equal Protection of the law under the Fourteenth Amendment of the Constitution and 42 U.S.C. §1983.

## V. JURY DEMAND

25. Plaintiff requests a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

(a) accept jurisdiction over this case;

(b) empanel a jury to hear and decide Plaintiff's claims;

(c) award to Plaintiff compensatory damages arising from the Defendants unlawful conduct, including damages for past and future lost wages and benefits and emotional

distress, with pre- and post-judgment interest;

      (d)    award to Plaintiff punitive damages based on individual Defendants' malicious and wanton conduct, which was undertaken in reckless disregard of Plaintiff's rights;

      (e)    award to Plaintiff the reasonable costs and attorneys' fees arising from this action, with post-judgment interest; and

      (f)    enter any other relief as the Court deems equitable and just.

Dated:  Scarsdale, New York
        May 19, 2006

Respectfully submitted,

_____
STEVEN T. SLEDZIK (STS 8869)
JONES GARNEAU, LLP
Attorneys for Plaintiff
670 White Plains Road, Penthouse
Scarsdale, New York 10583
(914) 472-2300

## VERIFICATION

STATE OF NEW YORK            )
                             :ss.:
COUNTY OF WESTCHESTER        )

Farrah R. DiMaggio, being duly sworn, deposes and says: that she is the Plaintiff herein; that she has read the foregoing complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, she believes them to be true.

                                                        Farrah R. DiMaggio

Sworn to before me this
19th day of May, 2006

_____
Notary Public

      **STEVEN T. SLEDZIK**
**Notary Public, State of New York**
      **No. 02SL6006234**
  **Qualified in New York County**
**Commission Expires June 21, 20_06_**